UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:13-80164-CR- RYSKAMP/HOPKINS

UNITED STATES OF AMERICA,

vs.

TENISHA NKESHA FRANCIS
_____/

**DEFENDANT'S OBJECTIONS/RESPONSES
TO PRESENTENCE INVESTIGATION REPORT**

**COMES NOW**, defendant, **TENISHA NKESHA FRANCIS**, (hereinafter "FRANCIS"), by and through her undersigned counsel, **PATRICK R. MCKAMEY**, and hereby files her Objections/Responses to the Presentence Investigation Report, (hereinafter "PSR").

1. FRANCIS objects to Paragraph 16 of the PSR. In Paragraph 16, it is alleged that FRANCIS and RYAN FRANCIS, (*no relation between the two*, hereinafter "RYAN") participated jointly in committing fraud between 2010 and 2013. This statement is erroneous on several levels. First off, FRANCIS did not work for TD Bank until February of 2011 and did not even meet RYAN until the end of 2011, thereby precluding any criminal conduct on her part until 2012.

Secondly, FRANCIS never opened an account at the behest of RYAN until January of 2012, which was the first point in time of her involvement of any fraud. Therefore, the loss amount of $54,069 during 2010 and 2011 should not be attributed to FRANCIS. This would then leave her only jointly responsible for the loss amount of $77,101, which occurred in 2012, as opposed to the total loss amount of $131,170 currently attributed to FRANCIS.

2. FRANCIS objects to Paragraph 17 of the PSR, in which she is assessed

1

responsibility for a total of 76 victims related to her employment at TD Bank. Probation Officer Nicole Garcia however, asserts in Paragraph 17 that during 2010 and 2011 (prior to FRANCIS opening her first account), there were a total of 64 individual victims whose personal information was used without their knowledge. Any victims arising from fraudulent conduct in 2010 cannot be attributed to FRANCIS, given the fact that she did not even work for TD Bank until February 2011. Additionally, FRANCIS cannot be held responsible for any fraudulent conduct or victims resulting therefrom, during the year of 2011, due to the fact that she did not open her first fraudulent account until January 2012.

      As further evidence that the total number of victims (76) attributed to FRANCIS is incorrect, the government listed a total of seven (7) fraudulent accounts opened by FRANCIS in its "Factual Basis For Change of Plea", signed by all parties and filed with the court on March 6, 2014. In the "Factual Basis For Change of Plea", it states the "Investigation revealed that Tenisha Francis opened these accounts with information obtained from co-defendant Ryan Francis, and then performed maintenance on these accounts." These seven (7) accounts were opened by FRANCIS on or between January 11, 2012 and July 22, 2013, and there is no further mention of additional victims attributable to her during her period of employment.

      3.     FRANCIS objects to Paragraph 20 of the PSR identified as "Role Assessment", wherein Probation Officer Garcia described the time line of FRANCIS's involvement as being from 2010 through 2013. As previously argued herein, the only participation by FRANCIS in the fraud was between January 11, 2012 and July 22, 2013. FRANCIS did not work for TD Bank until February 2011 and never met RYAN until the end of 2011. In addition, the first fraudulent account was not opened until January 2012.

      FRANCIS further objects to Paragraph 20 of the PSR where it is asserted that she is

2

responsible for a loss amount of $131,170.  FRANCIS's true loss amount for which she is responsible should reflect an amount significantly less than $131,170.

4.     FRANCIS objects to Paragraph 30 of the PSR identified as "Specific Offense Characteristics" wherein Probation Officer Garcia assessed the defendant a 10 level increase pursuant to § 2B1.1(b)(1)(F), based upon a loss amount of more than $120,000 but not more than $200,000.  Pursuant to the governments investigation and as summarized in Paragraph 16 of the PSR, the loss amount for 2010 and 2011 ($54,069) preceded any criminal conduct or involvement by FRANCIS.  The loss amount for 2012 attributed to FRANCIS and RYAN was assessed at $77,101 yet there is no mention of any further loss for 2013 during the seven (7) months FRANCIS worked for TD Bank.  Accordingly, based on the loss amount provided as it relates to FRANCIS, counsel would submit that an 8 level increase (not 10) would be appropriate under § 2B1.1(b)(1)(F), given the loss amount being under $120,000.

5.     FRANCIS objects to Paragraph 31 of the PSR, wherein Probation Officer Garcia assessed the defendant a 4 level increase based upon the offense involving more than 50 but less than 250 victims, pursuant to § 2B1.1(b)(10)C.  FRANCIS would rely on previous arguments made herein in challenging the number of victims attributed to her conduct.

6.     FRANCIS objects to Paragraph 32 of the PSR, in which Probation Officer Garcia assessed the defendant a 2 level increase pursuant to § 2B1.1(b)(10)©, alleging that the offense involved sophisticated means, under the "Sophisticated Means Enhancement".

For purposes of § 2B1.1(b)(10)©, "sophisticated means" is defined as "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense.  For example, a telemarketing scheme, locating the main office of the scheme in one jurisdiction, but locating soliciting operations in another jurisdiction ordinarily indicates

3

sophisticated means.  Conduct such as hiding assets or transactions, or both, through the use of fictitious entities, corporate shells, or offshore financial accounts also ordinarily indicates sophisticated means."

In applying this criteria to FRANCIS, her conduct and actions do not in any way rise to the level of "intricate offense conduct" given her role as a low-level teller at TD Bank.  Under the definition, it appears that "especially complex" conduct would be applicable to the owners or managers of a fraudulent bank organization, whom would organize, plan and execute high-level corporate decisions involving the structuring of the bank and related fraudulent transactions.  FRANCIS's duties as a teller at TD Bank were essentially secretarial in nature, and requiring little to no training.  She would open new accounts and maintain them pursuant to her training, but at no point worked in managing the banks day to day activities.  She in no way participated in or had knowledge of the complexities of how the fraudulent tax return information was gathered, how the individual victim information was obtained or what procedurally was involved to obtain fraudulent refunds from the IRS.

7.      FRANCIS objects to Paragraph 34 of the PSR identified as "Adjustment for Role in the Offense", wherein Officer Garcia assesses a 2 level increase, alleging that the defendant abused a position of public or private trust in a manner that significantly facilitate the commission or concealment of the offense, pursuant to § 3B1.3.

Under the definition of "Public or Private Trust" under § 3B1.3, Application Note 2 states that "public or private trust" refers to a position of public or private trust characterized by professional or managerial discretion (i.e. substantial discretionary judgment that is ordinarily given considerable deference).  Persons holding such positions ordinarily are subject to significantly less supervision than employees whose responsibilities are primarily non-

discretionary in nature.  For an adjustment to apply, the position of public or private trust must have contributed in some significant way to facilitating the commission or concealment of the offense (<u>e.g.</u> , by making the detection of the offense or the defendants responsibility for the offense more difficult).  This adjustment, for example, applies in the case of an embezzlement of a client's funds by an attorney serving as a guardian, a bank executive's fraudulent loan scheme, or the criminal sexual abuse of a patient by a physician under the guise of an examination.  The adjustment ***does not apply in the case of an embezzlement or theft by an ordinary bank teller*** or hotel clerk because such positions are not characterized by the above-described factors.

In applying these criteria to FRANCIS, she possessed no managerial discretion, nor was she in a position as a teller that she was given substantial discretionary judgment.  In addition, as an employee in her capacity as teller for TD Bank her responsibilities were primarily non-discretionary in nature.  This adjustment does not apply to embezzlement or theft by a teller, which is exactly what she has plead guilty to in Count 4 of the Superseding Information.  Accordingly, counsel for the defendant would submit that an increase of 2  levels under § 3B1.3 is not applicable.

8. Based upon FRANCIS's foregoing objections, FRANCIS would object to Paragraph 36 of the PSR, identified as "Adjusted Offense Level (subtotal)".  Should the Court grant the defendants objections to Paragraphs 30, 31, 32, and 34, thereby finding the level increases on each inapplicable, the new Adjusted Offense Level (subtotal) would be reduced by eight (8), **leaving the new subtotal of sixteen (16).**

9. Based upon the foregoing objections, FRANCIS objects to Paragraph 40 of the PSR identified as "Total Offense Level".  Should the foregoing objections be granted as it relates to Paragraphs 30, 31, 32, and 34, the **new Total Offense Level would become 13**.

Respectfully submitted,

PATRICK R. McKAMEY, ESQ.
Attorney for Defendant
Perlet, Shiner & McKamey, P.A.
Northbridge Centre
515 North Flagler Drive, Suite 701
West Palm Beach, Florida 33401
(561) 721-0552 telephone
(561) 721-3049 facsimile


By: s/Patrick R. McKamey, Esquire
         PATRICK R. McKAMEY
         Florida Bar No. 0103624

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 8, 2014, the undersigned electronically filed the foregoing document, Defendant's Objections/Responses to Presentence Investigation Report, with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List in the manner specified, whether via transmission of Notices of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic filing.


By: s/Patrick R. McKamey, Esquire
         PATRICK R. McKAMEY, ESQ.